IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JUNIOUS C. MORGAN,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-105

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Junious Morgan ("Morgan"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent has filed a Motion to Dismiss, and Morgan has filed a Response-Traverse. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE FACTS

Morgan was charged in the Southern District of Mississippi with conspiracy to possess with intent to distribute marijuana, conspiracy to import approximately 10,000 pounds of marijuana, possession with intent to distribute marijuana, concealment of material facts from the Internal Revenue Service, conspiracy to defraud the United States, and the use of the telephone to facilitate drug violations. Morgan was convicted on all counts, *in abstentia*, after he fled before the jury returned its verdict. Morgan was extradited from Jamaica several years later, and, based on the extradition treaty between the United States of America and Jamaica, he could only be sentenced to one

count of conviction—possession with intent to distribute marijuana. Morgan was sentenced to 15 years' imprisonment on that one count. Morgan filed a notice of appeal, and the Fifth Circuit Court of Appeals dismissed his appeal. (Doc. No. 7, pp. 2-3).

Morgan filed two (2) unsuccessful § 2241 petitions, one in the Eastern District of Kentucky, and the other in the Southern District of Mississippi. Morgan was released on parole and deported to Jamaica. After coming back to the United States, he was arrested in Miami, Florida, for possession with intent to distribute marijuana. Morgan was returned to the Southern District of Mississippi based on a lodged federal detainer for sentencing on the remaining counts of conviction from his original conviction. In October 2005, Morgan was sentenced to 15 years' imprisonment on these remaining counts. Morgan did not file a direct appeal. (Id. at pp. 3-4).

Morgan filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied, and Morgan did not file an appeal. Morgan then filed a motion to reduce his sentence, which the District Court for the Southern District of Mississippi denied. The Fifth Circuit dismissed Morgan's appeal as frivolous. United States v. Morgan, No. 11-60076, 2011 WL 3627323 (5th Cir. Aug. 18, 2011).

In his petition, Morgan contends that the 15-year sentence he received on the remaining counts of his convictions violates double jeopardy principles and international law. Morgan asserts that the extradition treaty between the United States and Jamaica precluded him from being sentenced on any charge other than the one charge authorized at the time of his extradition, even if he later returned to the United States.

2

Respondent asserts that Morgan does not meet the requirements of § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Morgan has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Morgan asserts that he has no remaining judicial or administrative remedies available.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil,

72A
v. 8/82)

119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Morgan fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Morgan brought his claim that his current sentence violates the double jeopardy clause, and the Fifth Circuit advised him that "the Double Jeopardy Clause does not prohibit successive prosecutions for different offenses arising

AO 72A
(Rev. 8/82)

out of the same course of conduct[,]" even though he "was sentenced at different times for different counts arising out of the same course of conduct[.]" Morgan, No. 11-60076, 2011 WL 3627323, at *1 (citing United States v. Dixon, 509 U.S. 688, 703-11 (1993)). Simply because Morgan's claims have been denied on previous occasions does not mean that section 2255's remedy is inadequate or ineffective. Morgan has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Morgan cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Morgan is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Morgan's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5